UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CYNTHIA ALEXANDER, | ) | CASE NO. C07-0868-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: RULE 35(A) MOTION |
| | ) | FOR PSYCHIATRIC EXAMINATION |
| CITY OF BELLINGHAM, et al., | ) | OF PLAINTIFF |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

INTRODUCTION

Defendants filed a motion seeking a Federal Rule of Civil Procedure 35(a) examination of plaintiff. (Dkt. 21.) Plaintiff did not respond to the motion. The Court deems plaintiff's failure to oppose the motion to be an admission that defendants' motion has merit. *See* Local Civil Rule 7(b)(2). Also, it appears from defendants' recently filed disclosure of expert witnesses that plaintiff has agreed to undergo a Rule 35(a) examination with defendants' expert on May 30, 2008. (Dkt. 26 at 3.) The Court nonetheless finds a ruling on defendants' motion appropriate. Having considered the papers submitted by defendants, as well as the balance of the record in this matter, that Court finds that defendants' motion should be granted and plaintiff compelled to

ORDER RE: RULE 35(A) MOTION FOR
PSYCHIATRIC EXAMINATION OF PLAINTIFF
PAGE -1

undergo a Rule 35(a) psychiatric examination.

## DISCUSSION

Defendants seek to compel plaintiff to undergo a Rule 35(a) psychiatric examination with their expert, Phillip Lindsay, M.D. They further request that the deadline for Dr. Lindsay to submit his expert report under Rule 26(a)(2) be extended so that he may incorporate the results of the examination into his report.

Rule 35(a)(1) provides that: "The court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined; and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Therefore, by the express terms of Rule 35(a), the matter of a party's mental condition must be "in controversy" and the movant must demonstrate "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964); *Turner v. Imperial Stores*, 161 F.R.D. 89, 92 (S.D. Cal. 1995). These requirements "are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118. "The ability of the movant to obtain the desired information by other means is also relevant." *Id.*

Courts typically require a Rule 35(a) movant to show more than that the party in question

has claimed emotional distress. *See*, *e.g.*, *Ford v. Contra Costra County*, 179 F.R.D. 579, 579-80 (N.D. Cal. 1998); *Turner*, 161 F.3d at 92-99. Rather, in addition to a claim of emotional distress, the Court looks for one or more of the following:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Turner*, 161 F.3d at 95.

Plaintiff bases her claims in this lawsuit on events that transpired during and after a December 16, 2006 traffic stop in Bellingham, Washington. (Dkt. 1 (Complaint).) She alleges that, during that stop, she informed defendant police officers Kevin Bean and Jeremy Harper that she suffers from Dissociative Identity Disorder and that their treatment of her was causing her "substantial trauma." (*Id*., ¶ 2.8.) Plaintiff further contends that Bean and Harper forced her to walk home alone in an unsafe neighborhood where she was "physically and mentally unable to defend herself" and was raped by two unknown men. (*Id*., ¶¶ 2.13-2.25.) Plaintiff asserts that the stop left her "emotionally distressed[,]" that she later attempted suicide on four occasions and has been "more hopeless and more suicidal than before[,]" and that she "is suffering from severe post-traumatic syndrome[.]" (*Id*., ¶¶ 2.29, 6.2.) In response to discovery requests, plaintiff indicated that she continues to undergo psychiatric treatment in relation to injuries or emotional problems she contends are related to this case. (Dkt. 23, Ex. A. (response to Interrogatory No. 13).) Plaintiff's causes of action include both intentional and negligent infliction of emotional distress. (Dkt. 1, ¶¶ 8.1-8.2, 9.1-9.2.)

As argued by defendants, this case involves far more than a mere claim of emotional

01 distress. Plaintiff asserts causes of action for intentional and negligent infliction of emotional

02 distress, alleges a specific mental or psychiatric injury or disorder, and claims unusually severe

03 emotional distress. Plaintiff's mental condition appears to be central to this dispute. Also,

04 although plaintiff may not intend to offer expert testimony to support her claim of emotional

05 distress,[1] her apparent agreement to undergo a Rule 35(a) examination may reflect her concession

06 that her mental condition is in controversy.

07    In sum, defendants demonstrate both that plaintiff's mental condition is in controversy and

08 that good cause exists for a Rule 35(a) examination. Accordingly, the Court finds defendants'

09 request for a Rule 35(a) examination to be conducted by Dr. Lindsay warranted. The Court also

10 finds cause for extending the deadline for Dr. Lindsay's expert report. Defendants indicate that

11 plaintiff has agreed to undergo the examination on May 30, 2008. The deadline for the submission

12 of Dr. Lindsay's expert report is, therefore, extended to **June 13, 2008**.

13    As reflected above, an Order directing a Rule 35(a) examination must be specific as to

14 time, place, manner, conditions, and scope of the examination and the person or persons by whom

15 it is to be made. Fed. R. Civ. P. 35(a)(2)(B). Defendants indicate that Dr. Lindsay will "examine

16 plaintiff's mental conditions as put at issue by the claims in her Complaint[]" on May 30, 2008.

17 (Dkt. 26 at 3.) This information only in part satisfies the requirements of Rule 35(a)(2)(B). As

18 such, the Court directs the parties to confer and submit a stipulation containing the necessary

19 specifications required by Rule 35(a)(2)(B) within **seven (7) days** of the date of this Order.

20 / / /

21

22    [1] Plaintiff did not submit any expert reports as of the May 12, 2008 deadline.

ORDER RE: RULE 35(A) MOTION FOR
PSYCHIATRIC EXAMINATION OF PLAINTIFF
PAGE -4

## CONCLUSION

Defendants' motion seeking a Rule 35(a) psychiatric examination of plaintiff (Dkt. 21) is GRANTED. The parties shall confer and submit a stipulation outlining the necessary specifications required by Rule 35(a)(2)(B) within **seven (7) days** of the date of this Order and defendants shall submit Dr. Lindsay's expert report on or before **June 13, 2008**.

DATED this 15th day of May, 2008.

Mary Alice Theiler
United States Magistrate Judge